UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| KEVIN BOYETTE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   2:23-CV-21-DCLC-CRW |
| B.O.P. SULLIVAN COUNTY JAIL and CHRISTY, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, a prisoner housed in the Sullivan County Detention Center ("Sullivan County Jail") has filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion, **DISMISS** the named Defendants, and **PERMIT** Plaintiff to file an amended complaint.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 4] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

As he is incarcerated, Plaintiff will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570.

### B. Plaintiff's Allegations

At approximately 9:30 a.m. on November 5, 2022, Plaintiff was attacked by multiple inmates in the Sullivan County Jail, and he received mouth and cheek injuries as a result [Doc. 1 p. 4]. "A few" officers arrived and asked "who was fighting," but no one responded [*Id*.]. The officers left and returned a few minutes later shouting names for certain inmates to "pack up" [*Id*.]. Approximately ten minutes later, the officers returned and asked Plaintiff if he needed medical attention, and Plaintiff answered that he did [*Id*.]. He spit blood in a cup to show Officer Phillips, who then asked Plaintiff "if [Plaintiff] wanted to sign some papers," which he did [*Id*.]. After that, the officers left the area with a few inmates [*Id*.]. Approximately thirty minutes later, a nurse came to visit Plaintiff, and he advised the nurse that he needed to go to the hospital for stitches [*Id*.]. The nurse advised Plaintiff to put in a sick call request, but Plaintiff could not, because inmates could only have one request pending at a time, and he already had one sick call request pending [*Id*. at 4-5].

According to the Compliant, staff members and nurses made jokes and mocked Plaintiff's pain and refused to provide him with medical treatment [*Id*. at 5]. Approximately one week later, after Plaintiff complained to a sergeant/supervisor, the supervisor/sergeant spoke to medical concerning Plaintiff's swelling, blood, and loss of hearing [*Id*.]. After that, Plaintiff received x-rays [*Id*.]. Approximately one month later, Plaintiff was taken for medical treatment at the Bristol Medical Center [Id.].

### C. Analysis

Named as Defendants in this action are B.O.P. Sullivan County Jail and a person named "Christy" with no last name given [Doc. 1 p. 1, 3]. Plaintiff does not explain the acronym "B.O.P." he has used preceeding "Sullivan County Jail." Presumably he means "Bureau of Prisons" but

3

Sullivan County Jail is not affiliated with the Bureau of Prisons. He has not provided any additional information to identify the party Defendant. Additionally, Plaintiff names Defendant "Christy" in this action, but he has not alleged any facts linking Defendant Christy to wrongdoing. Therefore, Plaintiff has failed to state a claim against a viable Defendant. *See Iqbal*, 556 U.S. at 676 (holding that Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Additionally, to the extent Plaintiff intends to sue the Sullivan County Jail itself, the Court notes that it is not a "person" within the meaning of § 1983, and therefore, it is not amenable to suit. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Accordingly, the named Defendants will be **DISMISSED**.

Also, the Court notes that Plaintiff has not requested any relief in his complaint, which contravenes Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(3).

Nonetheless, the Court will permit Plaintiff an opportunity to amend his complaint to correct these deficiencies, as Plaintiff may be able to sustain a viable §1983 action for the denial/delay of medical treatment if can link the relevant facts to the responsible parties. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding court may allow plaintiff to amend complaint even when complaint is subject to dismissal under the PLRA).

Therefore, Plaintiff will be permitted fourteen (14) days within which to file an amended complaint setting forth the *specific individual(s)* responsible for the denial of his medical treatment, the specific facts surrounding the timeline of his requests for treatment, the responses of the individuals allegedly responsible, the treatment that was eventually provided, if any, and any harm Plaintiff suffered as a result of any delay in treatment. Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to state a claim upon which §1983 relief may be granted.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any further amendments and/or supplements or any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests or motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff has failed to state a viable constitutional claim against a named Defendant, and all Defendants are **DISMISSED** from this action;

6. Plaintiff shall have fourteen (14) days from entry of this order to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

7. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted; and

8. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge